UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 1:05-CR-90

v.                                           Hon. ROBERT HOLMES BELL

CHARLES BENTON MITCHELL, JR.

       Defendant.

_____/

## ORDER REVOKING BOND

Defendant was placed on bond by this court on April 14, 2005. Two of the several conditions of that bond require that he have no contact with one Heidi Howard, his previous relationship with her having led to a domestic violence conviction, and that he not use controlled substances. On this date defendant reported to the U.S. Probation Office in Kalamazoo as directed, and was accompanied by Heidi Howard. He submitted to a random urinalysis test which came back positive for methamphetamine. After initially denying use, he finally acknowledged that he had used methamphetamine during this past weekend. Defendant appeared before the court this day for an arraignment and initial pretrial conference, as well as a bond violation hearing pursuant to 18 U.S.C. § 3148. The defendant through his counsel acknowledged both violations. Defense counsel acknowledged he had told his client that since both he and Ms. Howard wanted to be together, they would try to have the no-contact provision of the pretrial release order rescinded. Counsel suggested that his discussion about this with defendant may have misled the defendant into believing he could

be with Ms. Howard. The court need not address this issue, however, in light of the clear and convincing evidence that the defendant violated the pretrial release order by using methamphetamine. *See* § 3148(b)(1)(B).

Based upon defendant's use of methamphetamine only ten days after he was released on bond, his previous use of methamphetamine several times while on parole, and his self-reported history of methamphetamine abuse over the past 20 years, the court finds that defendant is unlikely to abide by any condition or combination of conditions of release prohibiting the use of methamphetamine if defendant has access to it. *See* § 3148(b)(2)(B). The only practical way to remove defendant from the temptation of methamphetamine is to revoke his bond and order that he be detained pending trial in this matter. Nevertheless, the Pretrial Services office shall make inquiry to determine if there is an acceptable 24-hour a day/7-day a week lockdown residential treatment program for methamphetamine available for possible consideration.

Accordingly, pending trial in this matter, the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: April 25, 2005        /s/ Hugh W. Brenneman, Jr.
                             Hugh W. Brenneman, Jr.
                             United States Magistrate Judge